IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Hunter Wise Commodities, LLC | ) | |
|     Plaintiffs | ) | Case No: 12 C 7656 |
| | ) | |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| Commodity Futures Trading Commission | ) | |
|     Defendant | ) | |
| | ) | |

## ORDER

Status hearing held on 9/16/2013. Defendant's motion [17] to transfer is granted. This case is hereby transferred forthwith. Pending motions on the docket [15, 26, and 39] are stricken as moot.

(T:)

## STATEMENT

The Commodity Exchange Act imposes certain regulations on commodities transactions, but excepts from its terms transactions that result in "actual delivery" of the commodity within 28 days. The Commodity Futures Trading Commission (CFTC) announced in December 2011 that the "actual delivery" exception from the Act requires physical transfer of possession of the subject commodity, not merely transfer of title. Plaintiff asserts that this interpretation is inconsistent with the purposes of the Act and contrary to both the Uniform Commercial Code and industry practice.

Upon notice from the CFTC that it would be the target of an enforcement action under the Act, plaintiff brought this action, seeking a declaration that the CFTC interpretation of "actual delivery" is void. Plaintiff also seeks to enjoin CFTC from taking action pursuant to its interpretation.

After filing of this action, CFTC brought the anticipated enforcement proceeding in the U.S. District Court for the Southern District of Florida. CFTC claims that plaintiff acted through a Florida company to engage numerous additional firms, most located in Florida, to conduct commodities transactions that did not comply with the Act. CFTC seeks to transfer this proceeding to the Southern District of Florida.

28 U.S.C. Sec. 1404(a) provides that for the convenience of parties and witnesses and in the interest of justice, a court may transfer a civil action to any other district where it may have been

brought. In assessing the convenience element, the court is to consider factors including the location of material events, the relative ease of access to sources of proof, and each party's ability to access each forum. *Research Automation, Inc. v. Schrader-Bridgeport International,* 626 F.3d 973, 978 (7th Cir. 2010). In assessing the interest of justice element, the factors for consideration include the relationship of each community to the controversy and the efficient administration of the court system. *Id.*

Plaintiff's complaint raises issues that are substantially matters of legal interpretation which could be decided in any venue. Although factual questions are raised by the complaint's allegations that the CFTC interpretation is contrary to industry practice, CFTC does not identify witnesses who would be likely to testify on such issues. CFTC's motion thus falls short of a showing that witness and evidence convenience factors weigh in favor of the Florida forum.

However, the court finds that the interest of justice factors dictate transfer. Although plaintiff correctly notes that the Florida enforcement proceeding involves numerous parties and issues not present in this case, it is clear that plaintiff's contentions regarding the invalidity of the CFTC interpretation are a potentially significant defense in that proceeding. The court finds that concerns of judicial economy strongly favor the evaluation of that proposed defense within the context of the enforcement proceeding or any subsequent appeals rather than in a detached declaratory judgment action. Those same concerns also weigh against potentially conflicting assessments of that issue by this court and the Southern District of Florida.

Plaintiff correctly notes that a plaintiff's choice of forum is generally entitled to deference, but that deference is diminished where, such as here, the plaintiff's suit was filed in anticipation of the later-filed action. *Research Automation, Inc.,* 626 F.3d at 980. For the foregoing reasons, CFTC's motion to transfer is granted, and the case is transferred forthwith to the U.S. District Court for the Southern District of Florida. Civil case terminated.

Pending motions on the docket [15, 26, and 39] are stricken as moot.

Date: 9/16/2013                    /s/ Sharon Johnson Coleman
                                   United States District Court Judge